IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GARRIS, LORILYNN GARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 2:24-CV-00483-CCW |

## OPINION

Before the Court is the United States' Motion to Dismiss Plaintiffs Michael Garris and Lorilynn Garris's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 16. For the reasons set forth below, the Court will grant the United States' Motion.

### I.   Background

Mr. Garris worked as a driver for a company that contracted with the United States Postal Service to haul mail between USPS facilities. ECF No. 17 at 1. On January 6, 2022, Mr. Garris "was loading cages onto the dock" at the Greensburg, Pennsylvania post office when "the dock lift broke causing [him] to fall and sustain serious injuries." ECF No. 1 ¶¶ 8–9. Mr. Garris alleges that the USPS was negligent in maintaining the dock lift, resulting in its failure. *Id.* ¶¶ 10–11. Accordingly, Mr. Garris asserts a negligence claim against the United States. *Id.* ¶¶ 12–14. His wife, Ms. Garris, brings a loss of consortium claim against the United States for the same allegedly negligent conduct. *Id.* ¶¶ 15–16. The Garrises allege that the Court has subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA") pursuant to 28 U.S.C. § 1346(b)(1). *See* ECF No. 1 ¶ 1.

The United States has moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 16. The Motion is fully briefed and ripe for resolution. ECF Nos. 17, 25, 29.

## II.     Legal Standard

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a facial attack 'contests the sufficiency of the pleadings' . . . 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Constitution Party*, 757 F.3d at 358 (citations omitted).

Here, the United States presents a factual challenge to subject matter jurisdiction because it introduces information from outside the pleadings to argue that the USPS qualifies as a "statutory employer" under Pennsylvania law and is therefore immune from liability, and this immunity divests the Court of subject matter jurisdiction. *See* ECF No. 17. As such, in ruling on the United States' Motion, the Court "does not attach a presumption of truthfulness to the plaintiff's allegations" and "must weigh the evidence relating to jurisdiction, [including] affidavits, documents, and even limited evidentiary hearings to make the jurisdictional determination." *McCluskey v. United States*, No. CIV.A. 10-694, 2010 WL 4024717, at *3 (W.D. Pa. Oct. 12, 2010) (Fischer, J.) (citing *Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).

### III. Legal Analysis

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A plaintiff attempting to sue any government agency . . . 'must identify a specific statutory provision that waives the government's sovereign immunity.'" *Manns v. Bureau of Prisons*, No. 05-cv-315, 2006 WL 3813926, at *2 (W.D. Pa. Dec. 26, 2006) (McLaughlin, J.) (quoting *Clinton Cnty. Commr's v. U.S. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997)); *see also Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024) ("Because sovereign immunity is jurisdictional in nature, the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.") (cleaned up).

Here, the Garrises bring their claims against the United States pursuant to the FTCA. ECF No. 1 ¶ 1. "Under the FTCA, the federal government only waives its immunity for injuries 'caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361–62 (3d Cir. 2001), *as amended* (Oct. 10, 2001) (quoting 28 U.S.C. § 1346(b)(1)). "Thus, the extent of the United States' liability under the FTCA is generally determined by reference to state law." *Id.* at 362. "When interpreting state law, [the Court] follow[s] a state's highest court; if that state's highest court has not provided guidance, [the Court is] charged with predicting how that court would resolve the issue." *In re Energy Future Holdings Corp.*, 842 F.3d 247, 253–54 (3d Cir. 2016); *see also Nationwide Mut. Ins. Co. v.*

3

*Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (stating that the district court properly tried to predict how the Pennsylvania Supreme Court would rule on an issue of Pennsylvania state law "[b]ecause there was no reported decision by the Pennsylvania Supreme Court or any other Pennsylvania court addressing the precise issue before it"). Importantly, in an FTCA case "a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction." *Brownback v. King*, 592 U.S. 209, 218 (2021) (quoting 285 U.S.C. § 1346(b)(1)).

Here, all parties agree that Pennsylvania law governs the Garrises' claims because Mr. Garris was allegedly injured on the loading dock at the USPS's Greensburg, Pennsylvania post office. *See* ECF No. 1 ¶¶ 8–9; ECF No. 17 at 5; ECF No. 25 at 3. For the below reasons, the Court concludes that the Unites States is immune from suit under Pennsylvania law. Accordingly, the Court lacks subject matter jurisdiction and will dismiss this case without prejudice.

  A. **The United States is Immune from Suit Under the Pennsylvania Worker's Compensation Act**

The Pennsylvania Worker's Compensation Act ("PWCA"), 77 P.S. § 1 *et seq.* provides that "the only remedy an employee may pursue against his employer for a work-related injury is workers' compensation. This, in effect, immunizes an employer from lawsuits based upon an employee's work-related injury." *Garlick v. Trans Tech Logistics, Inc.*, 636 F. App'x 108, 111 (3d Cir. 2015) (cleaned up). This immunity also extends to persons or entities classified as "statutory employers" under the PWCA. *Id.* There are two categories of statutory employers which are set forth in §§ 302(a) and 302(b) of the PWCA, respectively. *See Doman v. Atlas Am., Inc.*, 150 A.3d 103, 106 (Pa. Super. 2016). Here, the United States argues that it qualifies as a

statutory employer under § 302(a)[1] of the PWCA because Mr. Garris worked as a driver for Edward Fike Hauling Company ("Edward Fike"), and USPS "has a contract with Edward Fike [] under which Edward Fike and its employees [including Mr. Garris] perform work that is part of USPS's regular or recurrent business."[2]  ECF No. 17 at 2–3, 6–11.

The Garrises do not contest that USPS qualifies as a statutory employer under the PWCA. *See* ECF No. 25 at 3–11.  Rather, they argue that the broad immunity provided to statutory employers is currently being reviewed by the Pennsylvania Supreme Court, and they anticipate that the court will overrule its previous decision in *Fonner v. Shandon, Inc.*, 724 A.2d 903 (1999), where it held that statutory employers are "immune from suit by an injured worker for common law negligence, regardless of whether the subcontractor carried workers' compensation insurance which paid the injured worker."  ECF No. 25 at 3 (internal quotations omitted);  *see Yoder v. McCarthy Constr., Inc.*, 318 A.3d 757 (Pa. 2024) (granting petition for an appeal to determine whether to overrule *Fonner*).  The Garrises contend that if the Pennsylvania Supreme Court overrules *Fonner*, the United States "will not be able to claim immunity" because, according to the Garrises, USPS did not provide workers' compensation benefits to Mr. Garris.  ECF No. 25 at 4–7.  In light of the pending appeal in *Yoder*, the Garrises "respectfully proffer that the Pennsylvania Supreme Court may be regarded as not having yet spoken on [the scope of statutory employer immunity] since it has actively chosen to revisit [*Fonner*]," and ask the Court to predict that the *Yoder* court will overrule *Fonner*.  *Id.*  The United States responds that the Garrises "cite no caselaw to suggest that a court may disregard a controlling decision from a state supreme court

---

[1] "Section 302(a) covers, as statutory employers, 'persons (including entities) contracting with others to perform work which is a regular or recurrent part of their businesses to assure that the employees of those others are covered by workers' compensation insurance, on pain of assuming secondary liability for benefits payment upon a default.'" *Garlick*, 636 F. App'x at 112 (quoting *Six L's Packing Co. v. W.C.A.B. (Williamson)*, 44 A.3d 1148, 1158–59 (2012)).

[2] USPS pays Edward Fike to haul mail between over 50 USPS locations.  ECF No. 17 at 2–3.

5

based on how that state supreme court may, at some future point, overrule itself," and that in any event, the decision in *Yoder* will not affect this case because USPS paid for Edward Fike's worker's compensation insurance. ECF No. 29 at 2–5.

The Court agrees with the United States that the Garrises' request for the Court to predict that *Yoder* will overrule *Fonner* is improper. "When interpreting state law, [the Court] follow[s] a state's highest court." *In re Energy Future Holdings Corp.*, 842 F.3d at 253. It is only "if that state's highest court has not provided guidance, [than the Court is] charged with predicting how that court would resolve the issue." *Id.* at 253–54. Here, the Pennsylvania Supreme Court's decision in *Fonner* is controlling. *Fonner* holds that "a general contractor is still entitled to its historic immunity as a 'statutory employer' from suit for common law negligence. . . . even though the subcontractor which directly employed the injured worker carried workers' compensation insurance which paid benefits for the worker's injuries." *Fonner*, 724 A.2d at 907. The Garrises cite no authority for the proposition that the Court may disregard that holding simply because the Pennsylvania Supreme Court has decided to revisit it. Until it is overruled, *Fonner* is the law in Pennsylvania. And the Garrises do not dispute that the USPS qualifies as a statutory employer under the PWCA. *See generally* ECF No. 25. Thus, there is no dispute that under controlling Pennsylvania law, USPS is immune from Mr. Garris's negligence claim. In light of that immunity, the Court lacks subject matter jurisdiction over this case, and will dismiss it without prejudice.[3] *See Brownback*, 592 U.S. at 218 (stating that to establish subject matter jurisdiction in an FTCA case "a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under [applicable] state law"); *Onyiuke v. New Jersey*, 242 F. App'x 794, 797 (3d

---

[3] Ms. Garris's loss of consortium claim is derivative of Mr. Garris's negligence claim, and therefore fails as well. *See Barchfeld v. Nunley by Nunley*, 577 A.2d 910, 912 (Pa. Super. 1990); *Bada v. Comcast Corp.*, No. 2479 EDA 2014, 2015 WL 6675399, at *13 (Pa. Super. Aug. 21, 2015) ("Under . . . Pennsylvania . . . law, a derivative loss of consortium claim fails if the originating claim fails.").

Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("[A] dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits; therefore such a dismissal should be without prejudice.")).

## IV.     Conclusion

For the foregoing reasons, the United States' Motion to Dismiss will be **GRANTED**, and this case will be **DISMISSED WITHOUT PREJUDICE** as set forth in the accompanying Order.

DATED this 2nd day of July, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record